IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORFOLK SOUTHERN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:22-CV-707-SDG |

## **JOINT MOTION TO MODIFY SCHEDULING ORDER**

In accordance with Federal Rule of Civil Procedure 16(b)(4), Plaintiff Norfolk Southern Corporation and Defendant Hartford Fire Insurance Company jointly move this Honorable Court to modify the Scheduling Order by extending the most recent expert-disclosure and close-of-discovery deadlines by approximately 90 days. In support of this joint motion, the parties respectfully show this Court as follows:

1. This is a lawsuit for alleged breach of contract and bad-faith failure to pay arising out of an insurance claim submitted by Norfolk Southern to Hartford. According to the Complaint, Norfolk Southern's corporate headquarters in Midtown Atlanta—which comprises seventeen stories above ground and four below ground—

experienced downward movement after the construction of the high-rise began. (*See* Doc. 1, ¶¶ 14–28.) In this action, Norfolk Southern seeks at least $18,996,097.98 in contract damages—plus a 50% penalty, attorneys' fees, and prejudgment interest. (*Id.* at 17.) Hartford contends, among other things, that provisions in the insurance policy—including a provision regarding faulty workmanship—bars coverage. (Doc. 9.)

2.  Norfolk Southern filed this civil action on February 18, 2022. (Doc. 1.) After the Court extended the response deadline by 30 days (Doc. 7; *see also* Doc. 6), Hartford filed an Answer on April 18, 2022 (Doc. 9).

3.  The parties filed a Joint Preliminary Report and Discovery Plan on May 18, 2022. (Doc. 11.) On May 23, 2022, this Court entered a Scheduling Order that imposed the deadlines to which the parties agreed. (Doc. 12 at 1–2.) Based on joint requests by the parties, the Court subsequently amended the Scheduling Order on October 31, 2022 (Doc. 22), July 26, 2023 (Doc. 29), and November 9, 2023 (Text Order of 11/09/23). The most recent case schedule was as follows: Each party must disclose its expert(s), with reports, by February 8, 2024; each party must disclose rebuttal expert(s) by April 12, 2024; and the "close of discovery" is on May 24, 2024. (Text Order of 11/09/23.) However, the Court also temporarily suspended the expert-disclosure deadlines on February 8, 2024, at the parties' request (*see* Doc.

36), directing the parties to report within 30 days regarding resetting those deadlines. (Text Order of 02/08/24.)

4. The parties have been working diligently and in cooperation with each other to complete discovery in this case. Norfolk Southern served Hartford with interrogatories and requests for production and Hartford served Norfolk Southern with interrogatories, requests for production, and requests for admission. Each party has provided timely written responses to the other party's discovery requests. Ten document subpoenas have been served on third parties. Written discovery has therefore been voluminous, including complex and highly technical materials. To date, more than 40 GB of data—and tens of thousands of files—have been produced by Norfolk Southern, Hartford, and third parties.

5. To date, the parties have deposed multiple fact witnesses. Based on witness availability and counsel's obligations in other cases, however, it was necessary to schedule certain critical depositions for March and April 2024.

6. The parties anticipate that multiple experts will issue reports and testify about issues involved in the construction of the headquarters, and that testimony may be relevant to coverage issues. The parties' expert(s) need the opportunity to review the depositions of remaining fact witnesses before completing their initial reports.

As explained above, however, those depositions will continue into April 2024. Expert depositions cannot occur before expert reports are exchanged.

7. For these reasons, the parties agree that despite each party's significant and timely discovery efforts, additional time is necessary for the parties to complete discovery.

8. The parties therefore request that this Court amend its Scheduling Order to provide as follows:

  a. Each party must disclose its expert(s), with reports, by May 8, 2024;

  b. Each party must disclose rebuttal expert(s) by July 12, 2024; and

  c. The "close of discovery" is on August 23, 2024.

9. The parties agree that good cause exists to modify the Scheduling Order to grant this relief. Each party has been diligent in its discovery efforts. However, given the volume of documents produced so far, the technical and complex nature of underlying facts, witnesses availability, and counsel's obligations in other matters, additional time is necessary to complete expert discovery and depositions. When the parties submitted their Joint Preliminary Report and Discovery Plan, and when the Court subsequently amended the Scheduling Order, the parties could not have anticipated the need for this modification of the Scheduling Order.

10. This joint motion is made in good faith and not for the purpose of delay.

11. Granting the requested relief will not prejudice either party.

12. Granting the requested relief will not interfere with any hearing or trial date, as no hearings are scheduled in this case, and no trial date has been set.

13. A Proposed Order is attached to this joint motion.

For these reasons, and for good cause shown, the parties request that the Court modify the Scheduling Order by extending the most recent expert-disclosure and close-of-discovery deadlines by approximately 90 days.

Respectfully submitted this the 8th day of March, 2024,

| /s/ *Thomas K. Wingfield* | /s/ *Christopher C. Frost* |
|---|---|
| Thomas K. Wingfield<br>  Georgia Bar No. 770653<br>  twingfield@hallboothsmith.com<br>HALL BOOTH SMITH, P.C.<br>191 Peachtree Street, Suite 2900<br>Atlanta, GA 30303-1775<br>T: (404) 954-5000<br>F: (404) 954-5020<br><br>*Attorney for Plaintiff*<br>*Norfolk Southern Corporation* | Christopher C. Frost<br>  Georgia Bar No. 101084<br>  cfrost@maynardnexsen.com<br>John A. Little, Jr.<br>  Georgia Bar No. 528483<br>  jlittle@maynardnexsen.com<br>Caleb C. Wolanek<br>  Admitted *Pro Hac Vice*<br>  cwolanek@maynardnexsen.com<br>MAYNARD NEXSEN PC<br>1901 Sixth Avenue North, Suite 1700<br>Birmingham, AL 35203<br>T: (205) 254-1000<br>F: (205) 254-1999<br><br>*Attorneys for Defendant*<br>*Hartford Fire Insurance Company* |

## CERTIFICATE OF COMPLIANCE

In accordance with LR 7.1(D), NDGa, I certify that the foregoing document is prepared in 14-point Times New Roman font. *See* LR 5.1(C), NDGa.

/s/ *Christopher C. Frost*
Of Counsel

## CERTIFICATE OF SERVICE

I certify that on March 8, 2024, I e-filed the foregoing with the Clerk of Court via CM/ECF, which will serve all counsel of record.

/s/ *Christopher C. Frost*
Of Counsel
